James B. Hicks, SBN 109117
Gary W. Park, SBN 173390
Allison H.L. Miller, SBN 253007
HICKS | PARK LLP
824 Wilshire Boulevard, Suite 300
Los Angeles, CA 90017
Tel: (213) 612-0007; Fax: (213) 612-0373
gpark@hicksparklaw.com

Attorneys for Plaintiff
ING Bank, fsb

FILED 2009 NOV 23 PM 3:43

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

ING BANK, fsb,

    Plaintiff,

vs.

ALEXANDER NIKOLAYCHUK, an individual; THE GREENSPAN COMPANY ADJUSTERS INTERNATIONAL, INC., a corporation; TRAVELERS INSURANCE COMPANY, a corporation; and RBS CITIZENS, N.A., operating as CHARTER ONE BANK

    Defendants.

CASE NO. CV09-8632 CBM (RCx)

COMPLAINT FOR:

1. **DECLARATORY RELIEF;**
2. **BREACH OF CONTRACT (LOAN AGREEMENT);**
3. **JUDICIAL FORECLOSURE AND DEFICIENCY JUDGMENT**

**JURY DEMAND**

Plaintiff ING Bank, fsb ("Plaintiff" or "ING") complains and alleges against Defendants as follows:

### PARTIES TO THE ACTION

1. ING is a federal savings bank with its principal place of business in Wilmington, Delaware. ING is duly authorized and in good standing to conduct business in California.

2. ING is informed, believes, and thereon alleges that defendant Alexander Nikolaychuk ("Borrower"), is now, and was at all relevant times, an individual residing in Rancho Palos Verdes, California and the owner of the real property located at 18120 Valley Vista Blvd., Tarzana, CA 91356 ("Property").

1

COMPLAINT

3.  ING is informed, believes, and thereon alleges that defendant The Greenspan Company Adjusters International, Inc. ("Greenspan"), is now, and was at all relevant times, a California corporation which does business in the Central District of California.

4.  ING is informed, believes, and thereon alleges that defendant The Travelers Insurance Company ("Travelers"), is now, and was at all relevant times, a Connecticut corporation. Travelers is duly authorized and in good standing to conduct business in California, and does business in the Central District of California.

5.  ING is informed, believes, and thereon alleges that defendant RBS Citizens, N.A., operating as Charter One Bank ("RBS"), is a national association which is duly authorized and in good standing to conduct business in California and does business in the Central District of California. RBS may have an interest in the Property as a junior lienholder.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because ING is a resident of the State of Delaware, defendants are residents of the State of California, and the amount in controversy exceeds $75,000 excluding interest.

7.  Venue is proper in this Judicial District under 28 U.S.C. §1391(b) because all defendants reside and/or do business in the Central District of California, and because the claims for relief arise from acts, events, and omissions that occurred in this District and the property that is the subject of the action is situated in this District. The Property at issue in this Complaint (which is described more fully herein) is situated in Los Angeles County, California.

## GENERAL ALLEGATIONS

### Borrower Applies for a Loan and Defaults

8.  On information and belief, ING alleges that Borrower prepared and submitted a Fannie Mae Form 1003 and supporting documentation (the "Loan Application") to ING on or

COMPLAINT

about October 26, 2007 for the purpose of inducing ING to make a loan to Borrower in the amount of $880,000 to secure the purchase of the Property. A true and correct copy of the Loan Application, signed by Borrower, is attached as Exhibit 1.

9. The Borrower's Loan Application to ING sought a mortgage loan to purchase the Property as Borrower's "primary residence." Ex. 1 at pp. 1 & 4.

10. In the Loan Application, Borrower represented that his gross monthly income was $28,000 as a self-employed president of the chemical sales business N & Z West Corporation, which employment he had maintained for the previous six years. Ex. 1 at p. 2.

11. The Borrower does not use the Property as his primary residence, but used it as a "rental income" property. ING was not notified of this use.

12. In November 2007, in reliance on the information provided in the Loan Application and without knowledge of its falsity, ING approved Borrower's Loan Application to purchase the Property by issuing a loan in the principal amount of $880,000.000 (the "ING Loan").

13. On November 1, 2007, in connection with the ING Loan, Borrower executed an adjustable rate note in favor of ING in the principal amount of $880,000.00. A true and correct copy of the adjustable rate note is attached as Exhibit 2.

14. The adjustable rate note was modified by joint agreement of the parties on or about December 29, 2008. The modification altered only the payment schedule, including the interest rate. A true and correct copy of the Agreement to Modify Note is attached as Exhibit 3. Collectively, the adjustable rate note and the Agreement to Modify Note are referred to as the "Note."

15. The Note was secured by a deed of trust, which was executed by Borrower on November 1, 2007, and which was duly recorded by ING (the "Deed of Trust"). A true and

COMPLAINT

correct copy of the Deed of Trust is attached as Exhibit 4. Exhibits 1, 2, 3, and 4 are collectively referenced as the "Loan Documents."

16. On or about November 1, 2007, ING funded the ING Loan to Borrower.

17. The Property securing the ING Loan is insured by Travelers against fire loss. ING is the named lender loss payee on the Travelers' insurance policy.

18. Borrower ceased making timely monthly principal and interest payments under the Note in about June 2009, and has made no payments since.

**After a Fire Loss to the Property, Borrower Fails to Notify ING and Deposits the Loss Proceeds without ING's Endorsement. The Loss Proceeds are Ultimately Reissued.**

19. On or about July 29, 2009, ING received a phone call from a representative of Wescom Credit Union ("Wescom") who informed ING of suspected fraud in regard to the Property. Wescom explained that Borrower had presented it with a check for deposit issued by Travelers for $250,000 and made payable to the Borrower, ING, and Borrower's representative Greenspan. The check was endorsed by Greenspan and Borrower only. Wescom allowed Borrower to deposit the check despite the absence of ING's endorsement. A true and correct copy of the check for $250,000 issued by Travelers and endorsed by Borrower and Greenspan is attached as Exhibit 5.

20. Once the details of the Wescom call were transmitted to ING's mortgage fraud department, a property inspection was ordered on the Property. On or about August 4, 2009, a preliminary inspection reported fire damage to the roof of the Property, and that a fire had occurred almost six months prior, on February 14, 2009. ING was never informed of the fire by either the Borrower or Travelers. Prior to obtaining the property inspection report, ING had no knowledge of the fire, the loss, or the claim for insurance proceeds by Borrower.

21. The preliminary inspection showed significant damage occurred to the entire

second floor of the Property, with a partial roof collapse, including water damage throughout most of the first floor. At this time, ING was also informed that the property was a rental and the tenants were legally evicted (Los Angeles Superior Court Case # LC083501) just before the fire occurred, and that the cause of the fire was apparently electrical in nature.

22. Upon receipt of the property inspection report, ING requested a copy of the check which was issued by Travelers on May 22, 2009 in the amount of $250,000 for fire loss to the Property ("Loss Proceeds"). After confirming the absence of its endorsement, ING also began Wescom's process for claiming the funds, including filing a claim with Wescom that ING is the lienholder but never endorsed the check and received no funds. Per Wescom's instructions, ING prepared a "Missing Endorsement Affidavit" to accomplish this.

23. On information and belief, ING alleges that in or about August 2009, Wescom froze the personal account of Borrower for suspicion of fraudulent deposits. Borrower's counsel has informed ING that two other allegedly fraudulent deposits in connection with Borrower's account occurred, however neither involved the Loss Proceeds nor ING.

24. Borrower's counsel has informed ING's counsel that Wescom's actions in regard to Borrower's account, including freezing assets and allowing allegedly fraudulent deposits and draws against Borrower's account, may result in other litigation. Those allegedly fraudulent deposits and draws are not at issue in this litigation and do not involve ING.

25. After filing a claim with Wescom, ING through its counsel corresponded with various parties involved in the issuance and deposit of the Loss Proceeds. Wescom independently determined that it would credit the Loss Proceeds back to Travelers' bank, ultimately resulting in the funds being available for re-issuance by Travelers. Travelers indicated that upon the funds becoming available, it would re-issue the check jointly to ING, Borrower, and Greenspan again.

26. During September of 2009, calls between Borrower's counsel and ING's counsel occurred, and Borrower's counsel affirmed that Borrower does not dispute ING's interest in insurance loss proceeds as the lender loss payee. However, by the end of September of 2009, Borrower's counsel asserted that Borrower was unwilling to endorse the Loss Proceeds check for deposit unless ING would affirm in writing its intention to use the Loss Proceeds for repair. ING's counsel responded that the funds would be distributed per the Deed of Trust.

27. The Deed of Trust states in relevant part:

"5. Property Insurance.

...

"In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. . . . Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. . . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower."

Ex. 4 at ¶5 (emphasis added).

28. On or about November 4, 2009, ING was contacted by Travelers regarding the availability of the Loss Proceeds for re-issuance. Per Travelers' request, counsel for ING authorized the check be mailed to ING, care of its counsel Hicks | Park LLP. Under Civil Code §2924.7 and the Deed of Trust ¶5, ING has the authorization to receive and control the Loss Proceeds. Counsel for ING is holding the current check and not disbursing the funds until the proper use is resolved.

### Borrower's Default and Request for Modification

29. Concurrent with ING's discovery of the fire but unrelated to it, the Borrower was sent a "pre-foreclosure letter" which issuance is directed by a different department of ING. On

August 14, 2009, the Borrower was notified in writing that his sixty-day-plus delinquency in payment gives ING the right to accelerate the ING Loan and foreclose. This letter also gave the Borrower the option of requesting a loan modification review to avoid foreclosure and enclosed a "financial worksheet" for his use in applying for a modification. ING's Pre-Foreclosure Letter is attached as Exhibit 6.

30. The Borrower responded to ING's pre-foreclosure letter on August 18, 2009 with a Hardship Letter and a completed financial worksheet. Borrower's Hardship Letter and financial worksheet are attached as Exhibit 7 and collectively referenced as the "Modification Request."

31. The Borrower's Modification Request represented that "[g]oing through tough economical times my business lowered its cash flow to a minimum. I used to borrow money to make timely mortgage payments. My credit cards are filled almost to maximum and my credit scores went down because of that, now I have no more borrowing power to continue making timely mortgage payments." Ex. 7 at p. 1.

32. The Borrower asserts in his Modification Request that there is no equity in the Property, and that it is only worth approximately $500,000-$600,000.

33. The Modification Request does not mention the fire loss or quarter of a million dollar Loss Proceeds which Borrower had previously deposited into his personal account.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**
(Against Borrower, Greenspan and Travelers)

34. The allegations contained in paragraphs 1 through 33 are incorporated as though fully set forth herein.

35. Travelers has re-issued a check for the Loss Proceeds

36. The Deed of Trust states in relevant part: "Unless Lender and Borrower otherwise

agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." Ex. 4 at ¶5 (emphasis added).

37. Borrower asserts that ING must use the Loss Proceeds to repair the Property.

38. ING asserts that ING's security will be lessened if the proceeds are used for repair, and so, pursuant to the Deed of Trust, ING believes the proceeds should be applied to the outstanding debt secured by the Deed of Trust on the Property.

39. ING believes the security will be impaired for following reasons, without limitation:

    a. The loan to value ratio at the time of making the ING Loan was 80%. The current loan to value ration which would exist if the Property is repaired is approximately 146% to 176%;

    b. The Borrower has made no payments on the ING Loan since May 8, 2009;

    c. There is no equity in the Property;

    d. The Borrower represents that his payment default is due to lowered income and maximized credit cards, not due to the fire;

    e. The Borrower further admits that he cannot continue to make timely mortgage payments;

    f. The Property is not readily salable, nor will a sale likely net the approximate value of the debt;

    g. The Borrower is in default on the ING Loan, not only for failure to pay it (Ex. 2 at p. 1, ¶3; Ex. 4 at p.2, ¶1), but also for submitting a false Loan Application as to use of the property (Ex. 1 at p. 4; Ex. 4 at p.5, ¶8), for failing to notify ING of the fire loss (Ex. 4 at ¶5), and for depositing the Loss Proceeds into his personal account without notifying ING (*id.*).

40. Under these circumstances, ING believes that use of the Loss Proceeds for repair will result in an impaired security.

41. Further, due to the Borrower's current default for failure to pay, Borrower's

COMPLAINT

current default for failure to notify ING of the loss, Borrower's current default for submitting a loan application that was not correct, ING's current ability to foreclose, and the Borrower's admitted unwillingness and/or inability to continue making payments on the Property, ING's security is impaired as a matter of law. *Ford v. Manufacturers Hanover Mtg. Corp.*, 831 F.2d 1520, 1524-25 (9th Cir.1987).

42. An actual controversy therefore exists between ING on the one hand and Borrower on the other hand, as to whether the Loss Proceeds must be used for repair or repayment of the ING Loan.

43. Accordingly, ING is entitled to declaratory relief that the Loss Proceeds shall be applied to the sums secured by the Deed of Trust, with the excess, if any, paid to Borrower.

44. ING is further entitled to declaratory relief that the Borrower and Greenspan will endorse the check for deposit and application of Loss Proceeds in accordance with this Court's order.

45. ING is further entitled to declaratory relief that, should Borrower refuse to endorse the check for deposit and application of Loss Proceeds in accordance with this Court's order, that Travelers shall cancel the joint check and re-issue the Loss Proceeds payable to ING solely.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
(Against Borrower)

46. The allegations contained in paragraphs 1 through 45 are incorporated as though fully set forth herein.

47. Pursuant to the Loan Documents, Borrower undertook a number of specific contractual duties, including the following:

   a. To pay principal and interest by making a timely payment every month under the Note (Ex. 2 at p. 1, ¶3; Ex. 4 at p.2, ¶1);

   b. To provide true and correct information to ING in connection with the application process, the violation of which duty is an express event of default (Ex. 1 at p. 4; Ex.

1         4 at p.5, ¶8);

2      c.   To promptly notify ING in the event of loss (Ex. 4 at p.5, ¶5); and

3      d.   To allow ING to hold the Loss Proceeds in the event of a loss. *Id.*

4     48.   ING performed each and every obligation of ING pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of Borrower.

6     49.   Through the conduct, actions, and events alleged herein, Borrower materially breached the contractual provisions and covenants of the Loan Documents, including, but not limited to, the duty to pay principal and interest by making a timely payment every month, the duty to provide true and correct information in connection with the application process, the duty to promptly notify ING of loss, and the duty to allow ING to hold the Loss Proceeds. Specifically, Borrower has ceased making payments since May 2009, reported in the Loan Application that that the Property was his primary residence yet used the Property for rental income, failed to notify ING of the fire loss which occurred in February 2008, and deposited the Loss Proceeds into his personal account without ING's endorsement or approval.

15     50.   Pursuant to ING's right to accelerate the loan balance on the event of Borrower's default, the full amount of approximately $926,510.56, as of August 27, 2009, is now due and owing.

18     51.   Under the Deed of Trust, ING is entitled to recover from Borrower its costs to enforce its rights under the Loan Documents, including reasonable attorney's fees. Ex. 4, ¶¶9 & 22.

21     52.   As a result of Borrower's breaches, ING has suffered damages in an amount to be proven at trial, but in an amount not less than $926,510.56, estimated outstanding amount of loan principal as of August 27, 2009, and unpaid interests and fees, together with the costs of suit and attorneys' fees in pursuing recovery of the ING Loan.

///
///
///
///

### THIRD CAUSE OF ACTION
### JUDICIAL FORECLOSURE AND DEFICIENCY JUDGMENT
(Against Borrower and RBS)

53.    The allegations contained in paragraphs 1 through 52 are incorporated as though fully set forth herein.

54.    ING has performed all the conditions, covenants and promises on its part to be performed pursuant to the Note and Deed of Trust, except as may have been excused by the conduct and/or omissions of Borrower.

55.    Events of default under the terms of the Loan Documents have occurred and are continuing by, among other things, Borrower's (i) failure to timely pay principal and interest when due on a monthly basis; (ii) Borrower's making false statements in the Loan Application concerning the occupancy of the Property; (iii) Borrower's failure to notify ING of the fire loss which occurred in February 2008; and (iv) Borrower's deposit of the Loss Proceeds into his personal account without ING's endorsement or approval.

56.    As a result of the events of default, which have not been cured after proper demand, ING has declared that all sums due under the Note and secured by the Deed of Trust on the Property are immediately due and payable pursuant to their terms.

57.    The Property is not occupied by the Borrower (purchaser) and thus ING is entitled to a deficiency judgment. CCP §580b.

58.    The Deed of Trust grants all of Borrower's rights, title and interest to the Property to ING. Ex. 4 at p. 2.

59.    RBS may claim some interest in the Property by reason of a Home Equity Line of Credit Deed of Trust recorded August 20, 2008 in the Official Records of Los Angeles County, California, instrument number 2008082001800100.

60.    ING seeks an order adjudicating that (a) the Deed of Trust be foreclosed; (b) judgment be made for the sale of the Property and the collateral according to law; (c) the proceeds of the sale be applied in payment of the amounts due ING; (d) any rents, income and

profits be applied in payment of the amounts due ING; (e) Borrower, and all persons claiming under any alleged right subsequent to execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims or equity of redemption in the Property and the collateral and every part of the Property and collateral when the time for redemption has elapsed; and (f) that the Court retain jurisdiction of this matter to grant ING such other and further relief as the Court deems just and proper, including, without limitation, entering a deficiency judgment and issuing a writ of possession.

## PRAYER FOR RELIEF

WHEREFORE, ING prays for judgment as follows:

a. For the First Cause of Action Against Borrower, Greenspan, and Travelers – Declaratory Relief:

   i. For a declaration that that the Loss Proceeds shall be applied to the sums secured by the Deed of Trust, with the excess, if any, paid to Borrower;

   ii. For a declaration that the Borrower and Greenspan will endorse the current Loss Proceeds check for deposit and application of Loss Proceeds in accordance with this Court's order; and

   iii. For a declaration that, should Borrower refuse to endorse the current Loss Proceeds check for deposit and application of Loss Proceeds in accordance with this Court's order, that Travelers shall cancel the joint check and re-issue the Loss Proceeds payable to ING solely.

b. For the Second Cause of Action Against Borrower – Breach of Contract:

   i. For actual damages according to proof at the time of trial or entry of judgment but alleged to be no less than $926,510.56, the estimated outstanding amount of loan principal as of August 27, 2009, and unpaid interest and fees in connection with the ING Loan;

   ii. For prejudgment interest;

   iii. For attorneys' fees and costs of suit herein incurred; and

   iv. For any other relief that the Court finds to be just and equitable.

 c. For the Third Cause of Action Against Borrower and RBS – Judicial Foreclosure:

   i. For an order adjudging that (a) the Deed of Trust be foreclosed; (b) judgment be entered for the sale of the Property and the collateral according to law by an appropriate person appointed by the Court; (c) the proceeds of the sale be applied in payment of the amounts due ING; (d) any rents, income and profits be applied in payment of the amounts due ING; (e) Borrower and all persons claiming under any alleged right subsequent to the execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, or equity of redemption in the Property and the collateral and every part of the Property and collateral when the time for redemption has elapsed; and (f) that the Court retain jurisdiction of this matter to grant ING such other and further relief as the Court deems just and proper, including, without limitation, entering a deficiency judgment and issuing a writ of possession;

   ii. For a declaration that CCP §580b is not applicable, and that Borrower is personally liable for the ING Loan;

   iii. For a judgment that the rights, claims, ownership, lien, titles and demands of Borrower are subsequent to and subject to the lien of the Deed of Trust;

   iv. For an order permitting ING, or any parties to this action, to become purchasers of the Property at the foreclosure sale;

   v. For a declaration that, when time for redemption has elapsed, the levying officer shall execute a deed to the purchaser or purchasers of the Property at the sale, and the purchaser or purchasers shall be let into possession of the Property upon production of the levying officer's deed;

   vi. For prejudgment interest;

   vii. For attorneys' fees and costs of suit herein incurred; and

1  viii.  For any other relief that the Court finds to be just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all claims for relief triable by jury.

DATED: November 23, 2009

HICKS | PARK LLP

By: _____
GARY W. PARK

Attorneys for Plaintiff ING Bank, fsb

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

### CV09- 8632 CBM (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
HICKS | PARK LLP          (213) 612-0007
James B. Hicks  SBN 109117
Gary W. Park, 173390; Allison H.L. Miller 253007
824 Wilshire Boulevard, Ste. 300, Los Angeles 90017
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| ING BANK, fsb, <br><br> PLAINTIFF(S) <br> v. <br><br> ALEXANDER NIKOLAYCHUK; THE GREENSPAN COMPANY ADJUSTERS INTL., INC.; TRAVELERS INSURANCE COMPANY; RBS CITIZENS N.A., operating as CHARTER ONE BANK. _See Attached_ DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): Alexander Nikolaychuk; The Greenspan Company Adjusters International, Inc.; Travelers Insurance Company; and RBS Citizens, NA, operating as Charter One Bank

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Hicks | Park LLP_____, whose address is _824 Wilshire Blvd., Suite 300, Los Angeles, CA 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 11/23/2009                    By: _____Shán Borg_____
                                          Deputy Clerk

                                          *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

James B. Hicks, SBN 109117
Gary W. Park, SBN 173390
Allison H.L. Miller, SBN 253007
HICKS | PARK LLP
824 Wilshire Boulevard, Suite 300
Los Angeles, CA 90017
Tel: (213) 612-0007; Fax: (213) 612-0373
gpark@hicksparklaw.com

Attorneys for Plaintiff
ING Bank, fsb

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| ING BANK, fsb, | CASE NO. |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. DECLARATORY RELIEF; |
| ALEXANDER NIKOLAYCHUK, an individual; THE GREENSPAN COMPANY ADJUSTERS INTERNATIONAL, INC., a corporation; TRAVELERS INSURANCE COMPANY, a corporation; and RBS CITIZENS, N.A., operating as CHARTER ONE BANK | 2. BREACH OF CONTRACT (LOAN AGREEMENT); 3. JUDICIAL FORECLOSURE AND DEFICIENCY JUDGMENT |
|  | JURY DEMAND |
| Defendants. |  |

Plaintiff ING Bank, fsb ("Plaintiff" or "ING") complains and alleges against Defendants as follows:

**PARTIES TO THE ACTION**

1. ING is a federal savings bank with its principal place of business in Wilmington, Delaware. ING is duly authorized and in good standing to conduct business in California.

2. ING is informed, believes, and thereon alleges that defendant Alexander Nikolaychuk ("Borrower"), is now, and was at all relevant times, an individual residing in Rancho Palos Verdes, California and the owner of the real property located at 18120 Valley Vista Blvd., Tarzana, CA 91356 ("Property").

1

COMPLAINT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ING BANK, fsb, a Delaware corporation

**DEFENDANTS**
ALEXANDER NIKOLAYCHUK; THE GREENSPAN COMPANY ADJUSTERS INTERNATIONAL, INC.; TRAVELERS INSURANCE COMPANY, and RBS CITIZENS, N. A., operating as CHARTER ONE BANK

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

James B. Hicks; Gary W. Park; Allison H. L. Miller
HICKS | PARK LLP
824 Wilshire Blvd., Suite 300, Los Angeles, CA 90017   (213) 612-0007

**Attorneys (If Known)**

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 926,510.56

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §1332 DECLARATORY RELIEF, BREACH OF CONTRACT; JUDICIAL FORECLOSURE

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____   CV09-8632

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | DELAWARE |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 11/23/2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |